14-2758, 14-2769, 14-2774
Creddille v. MTA New York City Transit

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand fifteen.

PRESENT:

RALPH K. WINTER,
JOHN M. WALKER, JR.,
DENNIS JACOBS,
  *Circuit Judges*.

_____

Gary Creddille,

  *Plaintiff-Appellant*,

  v.                                                    14-2758

MTA New York City Transit, Core
Environmental Corporation,

  *Defendants-Appellees*.

_____

Gary Creddille,

  *Plaintiff-Appellant*,

  v.                                                    14-2769

MTA New York City Transit, Core
Environmental Corporation,

*Defendants-Appellees.*
_____

**Gary Creddille,**

*Plaintiff-Appellant,*

v.                                                    **14-2774**

**MTA New York City Transit, Core
Environmental Corporation,**

*Defendants-Appellees.*
_____

**FOR PLAINTIFF-APPELLANT:**          Gary Creddille, pro se, Brooklyn,
                                                         New York.

**FOR DEFENDANTS-APPELLEES:**        Daniel Chiu, Esq., New York City
                                                         Transit Authority, for MTA New
                                                         York City Transit, Brooklyn, New
                                                         York.

                                                         A. Nicholas Falkides, Esq., Colligan
                                                         Law, LLP, for Core Environmental
                                                         Corporation, Buffalo, New York.

Appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gary Creddille, pro se, appeals the district court's grant of summary judgment dismissing his discrimination and retaliation claims against the New York City Transit Authority (the "Transit Authority") and Core Environmental Corporation ("Core") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., based on its determination that Creddille was not an employee of the Transit Authority, and failed to demonstrate that he had suffered an adverse employment action resulting from his participation in protected activity. The

same district court judgment was entered, and appealed from, in each of Creddille's three identical district court actions, resulting in the three above-captioned appeals, which are consolidated for purposes of this order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the non-movant. Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Upon review, we conclude that the district court correctly ruled that (1) Creddille was not a Transit Authority employee, that his limited supervision by Transit Authority employees was insufficient to establish a joint employer relationship, and that the Transit Authority was therefore not subject to liability under Title VII; and (2) Creddille failed to establish that Core had subjected him to an adverse employment action in January 2011, or that there was a causal connection between his discrimination complaint with the Transit Authority and the adverse action he alleged.

We similarly find no merit in Creddille's contention that he was terminated in April 2011, in retaliation for filing charges against Core with the Equal Employment Opportunity Commission ("EEOC") the previous month, although he correctly notes that, to the extent this claim was

asserted below, the district court failed to acknowledge it in its summary judgment decision. Creddille's assertion is based on a purported "termination letter"—included in his amended complaint and attached to his declaration in opposition to summary judgment—that he claims to have received from Core. The letter is not from Core; it is from Employer Services Corporation ("ESC"), which provided Core with payroll and other human resources services. It it addressed to Creddille, and states that "[a]s a result of your separation of employment from Core Environmental Inc. effective on Tuesday, April 12, 2011 your relationship with Employer Services Corporation (ESC) has also been terminated as of that date." However, the very next item attached to Creddille's declaration—an email from an ESC employee to an EEOC investigator—explains that Core had not terminated Creddille's employement; because ESC's policy was to bill clients "per active employee," Core had requested that ESC "inactivate" Creddille in ESC's payroll system to avoid paying fees while Creddille was no longer working for Core on a regular basis. The employee stated that the letter had been automatically generated by ESC's payroll system upon the deactivation of Creddille's payroll card. Moreover, as the district court emphasized in its ruling, Core continued to offer Credille employment after he ceased working for Core—offers that he turned down without exception—even after he filed his EEOC charges, including in March, April, and May of 2011. Accordingly, we affirm for substantially the reasons stated in the district court's well-reasoned and thorough memorandum and order.

We have considered all of Creddille's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4